UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Joseph Charles,**<br><br>Plaintiff,<br><br>vs.<br><br>**GC Services Limited Partnership,**<br><br>Defendant. | Case No. 1:12-cv-00235 |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

3. Venue is proper in this Judicial District

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### Parties

7. Plaintiff Joseph Charles is a natural person.

8. The Plaintiff is a "consumer" as that term is defined by § 1692a.

9. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

10. The Defendant, GC Services Limited Partnership, (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address at 6330 Gulfton, Houston, TX 77081.

11. The principal purpose of Defendant is the collection of debts using the mails and telephone.

12. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

14. The Defendant GC Services Limited Partnership, is a debt collection agency attempting to collect a debt from Plaintiff.

15. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

16. The debt owed by Plaintiff went into default.

17. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

18. The Plaintiff disputes the debt.

19. The Plaintiff requests that the Defendant cease all further communication on the debt.

20. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

21. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

22. Sometime in August of 2011, Defendant contacted Plaintiff via telephone call in an attempt to collect a debt. See Plaintiff's Affidavit attached hereto as *Exhibit "A"*.

23. Defendant left Plaintiff a voicemail message that did not contain the mini-miranda warning and stated that there was a garnishment against his Social Security Number. *See Exhibit "A".*

24. The Defendant also told Plaintiff to get a prepaid visa card to pay this debt. *See Exhibit "A".*

25. The Defendant also asked the Plaintiff to provide a friend's, a third party's, debit card information to make a payment. *See Exhibit "A".*

26. The Defendant did not sent Plaintiff a bill until September of 2011. *See Exhibit "A".*

27. The notice required by 15 U.S.C. § 1692e was not effectively provided in the communication to the Plaintiff. See *Phillips v. Amana Collection Servs.*, 1992 WL 227839 (W.D.N.Y. Aug. 25, 1992)("1692e(11) requires a debt collector 'disclose clearly in all communications made...that the debt collector is attempting to collect a debt...'"); *Read v. Amana Collection Servs.*, 1991 U.S. Dist. LEXIS 21773 (W.D.N.Y. Jan. 15, 1991)(placing the required notice on the back without any reference on the front of the letter is effectively no notice at all); *Butler v. International Collection Ser., Inc.*, 1989 U.S. Dist. LEXIS 19102 (D. Conn. June 6, 1989)(placing the word "over" in light print on the front of the letter does not clearly reference the required information printed on the back of the letter); *Garrick v. Hospital Collection Services*, 1990 U.S. Dist. LEXIS 20961 (D. Conn. January 31, 1991)("the presence and meaning of the required disclosures must be clear to the least sophisticated reader", at 6, quoting *Trombly v. State Credit Adjustment Bureau, Inc.*, 1984 U.S. Dist. LEXIS 24874, at 6); Seegraves v. International Collection Service, Inc., 1994 U.S. Dist. LEXIS 8611 (E.D. Mich. April 21, 1994)("Section 1692e(11) requires a debt collector to 'disclose clearly in all Communications made to collect a debt...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose'" quoting the language of § 1692e(11), at 3.).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 27 of the complaint are realleged and incorporated herewith by references.

2. The Defendants violated the FDCPA by failing to notify Plaintiff that the voicemail message was a communication from a debt collector in an attempt to collect a debt, pursuant to 15 U.S.C § 1692e.

3. The Defendants' acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by attempting to get a third party's debit card information from Plaintiff.

4. The Defendants' acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to have Plaintiff get a prepaid visa card to pay this debt.

5. The Defendant violated the FDCPA by misrepresenting the character, or status of the debt when it left a voicemail message that there was a garnishment on the Plaintiff's Social Security Number, pursuant to 15 U.S.C. § 1692e.

6. The Defendant violated the FDCPA by engaging in conduct the natural consequence of is to harass or oppress when it left a voicemail message that stated there was a garnishment on the Plaintiff's Social Security Number, pursuant to the preface of 15 U.S.C. § 1692f.

7. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

Email: steinkamplaw@yahoo.com